THIRD DEPARTMENT, OCTOBER, 1975

(October 16, 1975)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES HUGHES, Appellant.—Appeal from a judgment of the County Court of Columbia County, rendered May 13, 1974, upon a verdict convicting the defendant of the crime of criminal sale of a controlled substance in the third degree. The two major grounds of this appeal are (1) an allegedly improper comment by the prosecutor in summation as to certain testimony of a prosecution witness and (2) the allegedly improper charge as to the definition of an interested witness. As to the first claim, defendant points out that during cross-examination Officer Keillor, an undercover agent who was a chief prosecution witness, was unable to give eyewitness testimony as to the transaction involving defendant and one Joseph Szabo which resulted in this conviction. During summation, the District Attorney stated to the jury that "you remember Keillor saw the pass off by Hughes [the defendant]. It was behind his truck and he saw it". On direct examination, however, the officer stated that he did see a "change of hands exchange" between the defendant and Szabo, and the above-quoted statement on summation is a fair comment upon this testimony. Even assuming this were not a proper comment, there is no indication that it was an intentional misrepresentation or misstatement by the prosecutor such as would create a constitutional violation (Miller v Pate, 386 US 1). Finally, there is no indication of a pattern of prosecutorial misconduct throughout the trial and, in view of the overwhelming proof of defendant's guilt on this record, the determination of the jury should not be disturbed on the basis of this isolated statement in the summation (People v Ketchum, 35 NY2d 740). As stated above, the proof of defendant's guilt herein is overwhelming and this verdict should not be overturned on the basis of the slight defects and irregularities present on this record (People v Crimmins, 36 NY2d 230). Judgment affirmed. Herlihy, P. J., Greenblott, Sweeney, Larkin and Reynolds, JJ., concur.